IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEWAYNE C. HENDERSON                                                                        PLAINTIFF

v.                                              Civil No. 3:21-cv-03081

SHERIFF TIM ROBERTSON,
Boone County, Arkansas, et al.                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Dewayne C. Henderson, proceeds in this matter *pro se*. (ECF No. 2). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed his Complaint in this matter on November 29, 2021. (ECF No. 2). On December 2, 2021, the Court entered an order noting that Plaintiff failed to submit a completed *in forma pauperis* (IFP) application. (ECF No. 6). Specifically, he failed to answer certain questions and failed to submit a completed certificate of account. Plaintiff was given until December 23, 2021, to file a complete application for IFP or pay the $350 filing fee and $52 administrative fee, a total of $402. (ECF No. 6). The Order further notes: "If the Plaintiff fails to file the completed application or pay the $402 by December 23, 2021, the complaint shall be dismissed, without further notice, for failure to obey an order of the Court." *Id.* Plaintiff has not filed a complete IFP application or paid the filing fees.

Plaintiff was further ordered to return an amended complaint by December 23, 2021. (ECF No. 6). The Court's Order states "[t]his case shall be subject to dismissal if Plaintiff fails to return

the Amended Complaint to the Court by the December 23, 2021, deadline." *Id*.  Plaintiff has not returned an amended complaint.

In an Order dated January 10, 2022, Plaintiff was given until January 31, 2022, to show cause why this action should not be dismissed for failure to obey an order of the Court.  (ECF No. 9).  The Show Cause Order further noted, "[f]ailure to respond to this Order **shall** result in the dismissal of this action." *Id*.  Plaintiff has not responded to the Show Cause Order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

IT IS SO ORDERED this 7th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE